**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PAUL ROBERT POGUE,

    Petitioner,

v.                                           Case No. 8:02-CV-2174-T-27EAJ

JAMES V. CROSBY, JR.,[1] et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Dkt. 1) challenging his 1990 convictions and sentences entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a response to the petition (Dkt. 11), and Petitioner has filed a reply thereto (Dkt. 12) and a Notice of Supplemental Authority (Dkt. 14).[2] For reasons set forth below, the Court finds that the petition is time-barred pursuant to 28 U.S.C. § 2244(d).

### Background

On October 17, 1990, Petitioner, represented by counsel, entered a plea to the charges of attempted murder of a law enforcement officer (Case No. 90-12541), attempted murder in the first degree and robbery (2 counts) (Case No. 90-12542), and burglary of a

---

    [1]James V. Crosby, Jr., the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

    [2]Petitioner asks that the Court consider his case in light of the holding by the United States District Court, Northern District of Florida, in *Hogarth v. Crosby*, Case No. 5:02-CV-00396-MCR (2004) (Dkt. 46) (finding the state court's denial of petitioner's due process and ineffective assistance claims was based upon an unreasonable determination of the facts, the district court granted federal habeas relief, holding that petitioner's plea of guilty was not intelligently or knowingly entered). This case is distinguishable because Hogarth's petition was timely filed. *Id.* at 3.

structure and criminal mischief (Case No. 90-12544). Petitioner was adjudicated guilty and sentenced to terms of 25 years imprisonment, respectively, on the charges of attempted murder of a law enforcement officer, attempted murder in the first degree, and robbery and 5 years imprisonment on the burglary and criminal mischief charges (Dkt. 11, Ex. 2). Petitioner did not file a direct appeal.

Petitioner filed an application for state post-conviction relief pursuant to Fla. R. Crim. P. 3.850 on May 8, 1997 (Dkt. 11, Ex. 3). The trial court denied the motion as time-barred on July 10, 1997 (Dkt. 11, Ex. 4). Petitioner did not appeal the trial court's decision.

On October 1, 2001, Petitioner filed a notice of belated appeal seeking leave to file an appeal of his 1990 convictions and sentences (Dkt. 11, Ex. 5), which the state court construed as a petition for belated appeal (Dkt. 11, Ex. 6). The petition was denied on November 20, 2001. *Pogue v. State*, 803 So.2d 731 (Fla. 2d DCA 2001) (table decision).

On November 26, 2001, Petitioner filed a second petition for belated appeal seeking leave to appeal his 1990 convictions and sentences, asserting that trial counsel was ineffective for: (1) failing to object when the trial court did not give Petitioner an opportunity to withdraw his plea; (2) coercing him to enter a plea; and (3) failing to file a notice of appeal (Dkt. 11, Ex. 8). The state court rejected the petition on January 10, 2002. *Pogue v. State*, 808 So.2d 222 (Fla. 2d DCA 2002) (table decision).

Petitioner filed the present petition on November 20, 2002[3] (Dkt. 1). He raises the three claims for relief in the petition. Respondent asserts, *inter alia*, that the petition is

---

[3]Although the petition was stamped "filed" in this Court on November 25, 2002, Petitioner signed the petition on November 20, 2002. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In the absence of evidence to the contrary, the Court assumes that Petitioner delivered the petition to prison authorities the day he signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

untimely pursuant to 28 U.S.C. § 2244(d). Having reviewed the record, applicable statutes, and controlling case law, the Court agrees.

## Discussion

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended the statutes governing federal habeas relief for state prisoners, dramatically shortened the time for filing a federal habeas petition to one year by adding the following provision to 28 U.S.C. § 2244:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Petitioner filed his petition after April 24, 1996, the AEDPA provisions are applicable thereto. *See Wilcox v. Florida Dep't of Corrs.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

Petitioner was sentenced on October 17, 1990. Since he did not file a direct appeal (Dkt. 1 at 2), the judgment became final thirty days from the date of conviction on November 16, 1990. See Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988). Because Petitioner's convictions became final prior to the enactment of the AEDPA, the one-year limitation period for his federal habeas petition began to run on April 24, 1996, the date the AEDPA was enacted. See Wilcox v. Fla. Dep't of Corrs., 158 F.3d at 1211. No state court proceedings related to Petitioner's convictions were pending on that date. Thus, absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until April 24, 1997, to file his petition for federal habeas relief. See 28 U.S.C. § 2244(d)(1).

Applying the mailbox rule, Petitioner filed an application for state post-conviction relief on May 8, 1997. This motion, however, had no tolling effect on the one-year limitation period because it had already expired. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state application for post-conviction relief that is filed following the expiration of the federal limitation period has no tolling effect because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1257 (11th Cir.), cert. denied, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions). Petitioner does not assert that he is entitled to statutory tolling of the limitation period. See 28 U.S.C. § 2244(d)(1)(B)-(D). Unless Petitioner can demonstrate that he is entitled to equitable tolling of the limitation period, his petition is time barred.

Section 2244 "permits equitable tolling 'when a movant untimely files because of *extraordinary circumstances* that are both *beyond his control* and *unavoidable with diligence*'" (emphasis added). Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000)

(quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). See also *Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001).

"The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002). A "petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Sec. for Dep't of Corrs.*, 362 F.3d 698, 701 (11th Cir. 2004). "To establish diligence, . . . the petitioner must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). Petitioners who fail to act diligently to protect their rights run the risk that, as in the instant case, the time will expire on their ability to do so. Petitioner was well aware that his lawyer did not file an appeal in 1990, yet he did not launch any challenge to that situation until many years passed.

Petitioner argues that he was diligent in pursuing his rights, but was prevented from doing so because he "was afflicted with learning disabilities and could not pay to have an appeal perfected by a law clerk" (Dkt. 12 at iii). In support of this argument, Petitioner contends that he is dyslexic, and his dyslexia is an "extraordinary circumstance" which prevented him from pursuing relief in a timely manner. The Court finds this argument unpersuasive. See *Springer v. Benik*, 134 Fed.Appx. 961, 963 (7th Cir. 2005) ("We doubt that the presence of a learning disorder, however, qualifies as an extraordinary circumstance given how many prisoners suffer from similar afflictions."); *Hamilton v. Benik*, 2004 WL 1246054, *3 (W.D.Wis. 2004) ("Although petitioner points out that he is impaired by dyslexia, a learning disability and a lack of legal knowledge and has had to rely on the help of other inmates to pursue his claims, none of those allegations is sufficient to warrant

-5-

equitable tolling."). Likewise, Petitioner's *pro se* status does not warrant equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17-18 (2d Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (lack of representation during the applicable filing period does not merit equitable tolling).

Petitioner's argument that the State is responsible for "impedding" [sic] his appeal because trial counsel was "paid by the state, who in turn is the government, who runs the public defender's office" is unavailing. "The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Sec. for Dep't of Corrs.*, 259 F.3d at 1314-15.

Petitioner argues that he failed to appeal the July 10, 1997 denial of his first Rule 3.850 motion because although he "was learning the law and its intracacies [sic], he still knew nothing about appeals" (Dkt. 12 at iii). Ignorance of the law does not warrant equitable tolling of the limitations period. *Cf. Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir.) (holding that ignorance of the law is insufficient rationale for equitable tolling), *cert. denied*, 531 U.S. 1035 (2000).

As for Petitioner's alleged mental limitations and depression, he has not made the necessary "causal connection between his alleged mental incapacity and his ability to file a timely petition." *See Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005). Petitioner does not assert that he was mentally incompetent *per se*, arguing instead that he has suffered from mental impairments since childhood (Dkt. 12 at v-vii). However, this contention, without more, is insufficient to justify equitable tolling. *Lawrence v. Florida*, 421 F.3d at 1227. *See also Bilbrey v. Douglas*, 124 Fed.Appx. 971, 973 (6th Cir. 2005) (finding

that equitable tolling did not apply because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 Fed.Appx. 749, 751 (7th Cir. 2004) (finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition).

To be entitled to equitable tolling on the basis of mental illness, a petitioner must show more than that it is difficult for him to understand and act upon his legal rights; rather, he must show that he was incapable of preparing and filing a federal habeas petition or post-conviction motion any earlier than he did. There is no evidence in the record from which the Court can find that Petitioner was incapacitated by any mental illness from bringing his federal petition earlier.

Petitioner has failed to show that an extraordinary circumstance prevented him from filing his federal habeas petition within the one year limitations period prescribed by § 2244(d), and he has not presented a colorable claim of actual innocence. It would, therefore, be improper for this Court to discuss the merits of Petitioner's claim.

### Conclusion

Given this chronology of events, it is clear that more than one year elapsed between the date the convictions challenged herein became final and the filing of the instant petition, and Petitioner has not demonstrated that the delay is attributable to extraordinary circumstances beyond his control <u>and</u> unavoidable with diligence. The Court finds, therefore, that the petition is time-barred under the provisions of § 2244(d).

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

-7-

2. The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _January 26th_, 2006.

James D. Whittemore
United States District Judge

Copies furnished to:
All Parties/Counsel of Record
SA:jsh